FORM 1 VOLUNTARY PETITION

| United States Bankruptcy Court<br>District of | VOLUNTARY<br>PETITION |
|---|---|
| IN RE (Name of debtor - If individual, enter Last, First, Middle)<br><br>**Grewal, Jatinder S.** | NAME OF JOINT DEBTOR (Spouse) (Last, First, Middle) |
| ALL OTHER NAMES used by debtor in the last 6 years<br>(include married, maiden and trade name) | ALL OTHER NAMES used by debtor in the last 6 years<br>(include married, maiden and trade name) |
| SOC. SEC./TAX I.D. NO. (If more than one, state all)<br><br>**XXX-XX-3238** | SOC. SEC./TAX I.D. NO. (If more than one, state all) |
| STREET ADDRESS OF DEBTOR (No. and street, city, state, zip)<br>**2209 Kingfisher Ln**<br>**Rolling Meadows, IL 60008** | STREET ADDRESS OF DEBTOR (No. and street, city, state, zip) |

| | COUNTY OF RESIDENCE OR<br>PRINCIPAL PLACE OF BUSINESS<br><br>**Cook** | | COUNTY OF RESIDENCE OR<br>PRINCIPAL PLACE OF BUSINESS |
|---|---|---|---|

| MAILING ADDRESS OF DEBTOR (If different from street address) | MAILING ADDRESS OF DEBTOR (If different from street address) |
|---|---|

LOCATION OF PRINCIPAL ASSETS OF BUSINESS DEBTOR
(If different from addresses listed above)

INFORMATION REGARDING DEBTOR (Check applicable)

| TYPE OF DEBTOR<br>_X_ **Individual (See Exhibit D)**<br>___ **Corporation (includes LLC and LLP)**<br>__ **Partnership**<br>__ **Other** | CHAPTER OR SECTION OF BANKRYUPTCY CODE UNDER WHICH THE<br>PETITION IS FILED (check one)<br>_X_**Chapter 7**     __**Chapter 11**     __**Chapter 13**<br>__**Chapter 9**     __**Chapter 12**     __ **Chapter 15 Petition**<br>                                                **Petition for Recognition**<br>                                                of a Foreign Main or Nonmain Proceeding |
|---|---|

| NATURE OF DEBT<br>__ Non-Business Consumer    _X_ Business - Complete A&B below<br>defined in 11 U.S.C. sec. 101(8) incurred by an individual | FILING FEE (check one)<br>_X_ Filing fee attached.<br>__ Filing fee to be paid in installments. (Applicable to individuals only)<br>   must attach signed application for the court/s consideration certifying<br>   that the debtor is unable to pay fee except in instalments. Rule 1006(b)<br>   see Official Form No. 3 |
|---|---|

A. TYPE OF BUSINESS (check one)

| __ Farming | __ Transporation | __ Commodity Broker |
|---|---|---|
| __ Professional | __ Manufacturing/ | __ Construction |
| X__ Retail/Wholesale | Mining | __ Real Estate |
| __ Railroad | __ Stockbroker | __ Other Business |

NAME and ADDRESS of LAW FIRM OR ATTORNEY
**Staver & Gainsberg, P.C.**
**120 W. Madison St., Ste. 520**
**Chicago, IL 60602**
Telephone No.                       **312-422-1130**

B. BRIEFLY DESCRIBE NATURE OF BUSINESS
    Electronic Distributor

NAME(S) OF ATTORNEY(S) DESIGNATED TO REPRESENT THE DEBTOR
**Neal S. Gainsberg**
__ Debtor is not represented by an attorney

| STATISTICAL ADMINISTRATIVE INFORMATION (28 U.S.C.  604)<br>           (Estimates only)   (Check applicable) | THIS SPACE FOR COURT USE ONLY |
|---|---|

__ Debtor estimates that funds will be available for distribution to unsecured creditors
_X_ Debtor estimates that after any exempt property is excluded and administrative
    expenses paid, there will be no funds available for distribution to unsecured creditors.

ESTIMATED NUMBER OF CREDITORS
_X_ 1-49     __ 50-99     __ 100-199     __ 200-999     __ 1000-5000     __ 5000-over

ESTIMATED ASSETS (in thousands of dollars)
_0 to 10,000     __ 10,000 to 100,000  _X_100,000 to 1 miliion   __ 1 million to 100 million

ESTIMATED LIABILITIES (in thousands of dollars)
_0 to 10,000     __ 10,000 to 100,000  _X_100,000 to 1 miliion   __ 1 million to 100 million

ESTIMATED NUMBER OF EMPLOYEES - CH 11 & 12 ONLY
_0     _1-19     _20-99     __100-999     __1000-over

ESTIMATED NO. OF EQUITY SECURITY HOLDERS - CH 11 & 12 ONLY
_0     _1-19     _20-99     __100-499     __500-over

| FILING OF PLAN |
|---|
| For Chapter 9, 11, 12 and 13 cases only. Check appropriate.<br>__ A copy of debtor's proposed plan dated _____ __ Debtor intends to file a plan within the time allowed by statute,<br>is attached.                                                                         rule or order of the court. |

### PRIOR BANKRUPTCY CASE FILED WITHIN LAST 8 YEARS (if more than one, attach additional sheet)

| Location Where Filed | Case Number | Date Filed |
|---|---|---|
| | | |

PENDING BANKRUPTCY CASE FILED BY ANY SPOUSE, PARTNER OR AFFILIATE OF THIS DEBTOR (if more than one, attach additional sheet.)

| Name of Debtor | Case Number | Date |
|---|---|---|
| | | |
| Relationship | District | Judge |

| Exhibit A | Exhibit B |
|---|---|
| **(To be completed if the debtor is requirede to file periodic reports (e.g., forms 10K and 10Q) with the Securities and Exchange Commission pursuant to Section 13 or 15(d) of the Securities Exchange Act of 1934 and is requesting relief under Chapter 11).**<br><br>_____ Exhibit A is attached and made a part of this petition. | I, the attorney for the petitioner named in the foregoing petition, declare that I have informed the petitioner that he or she may proceed under Chapter 7,11,12 or 13 of title 11, United States Code, and have explained the relief available under each such chapter.  I further certify that I delivered to the debtor the notice required by §342(b) of the Bankruptcy Code.<br>x _____ /s/  Neal Gainsberg    Date:_____ |

| Exhibit C | Certification Concerning Debt Counseling See Exhibit D, attached hereto |
|---|---|
| Does the debtor own or have possession of any proprty that poses or is alleged to pose a threat of immenint and identifiable harm to public health or safety?<br><br>_____ Yes, and Exhibit C is attached and made a part of this petition.<br>__X__ No. | __X____ I/we have received approved budget and credit counseling during the 180-day period preceding the filing of this petition.<br><br>_____ I/we request a waiver of the requirement to obtain budget and credit counseling prior to filing based on exigent circumstances. |

### Information Regarding the Debtor (Check the Applicable Boxes)
### Venue (Check any applicable box)

__X____  Debtor has been domiciled or has had a residence, principal place of business, or principal assets in this District for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other District.

_____  There is a bankruptcy case concerning debtor's affiliate, general partner, or partnership pending in this District.

_____  Debtor is a debtor in a foreign proceeding and has its principal place of busines or principal assets in the United States in this District, or has no principal place of business or assets in the United States but is a defendant in an action or proceeding (in a federal or state court) in this District, or the interest of the parties will be served in regard to the relief sought in this District.

### Statement by a Debtor Who Resides as a Tenant of Residential Property
#### Check all applicable boxes

_____  Landlord has a judgment against the debtor for possession of debtor's residence.  (If box checked, complete the following:)

_____

(Name of landlord that obtained judgment)

_____

(Address of landlord)

_____  Debtor claims that under applicable nonbankruptcy law, there are circumstances under which the debtor would be permitted to cure the entire monetary default that gave rise to the judgment for possession, after the judgment for possession was entered, and

_____  Debtor has included in this petition the deposit with the court of any rent that would become due during the 30-day period after the filing of the petition.

### REQUEST FOR RELIEF

Debtor requests relief in accordance with the chapter ___7__of title II, United States Code, specified in this petition.

| SIGNATURES |
|---|

### ATTORNEY

X  /s/ Neal S. Gainsberg _____        Date

Signature

| INDIVIDUAL/JOINT DEBTOR(S) | CORPORATE OR PARTNERSHIP DEBTOR |
|---|---|
| I declare under penalty of perjury that the information provided in this petition is true and correct | I declare under penalty of perjury that the information provided in this petition is true and correct, and that the filing of this petition on behalf of the debtor has been authorized |
| X /s/        Jatinder S. Grewal | X |
| Signature of Debtor | Signature of Authorized Individual |
| Date 9/21/07 | |
| | Print of Type Name of Authorized Individual |
| X | |
| Signature of Joint Debtor | Title of Individual Authorized by Debtor to File this Petition |
| Date | Date |

Exhibit "A" (To be completed if debtor is a corporation requesting relief under chapter 11.)

__ Exhibit "A" is attached and made part of this petition.

TO BE COMPLETED BY INDIVIDUAL CHAPTER 7 DEBTOR WITH PRIMARILY CONSUMER DEBTS (SEE p.l. 98-353 & 322)

I am aware that I may proceed under chapter 7, 11, 12 or 13 of title 11, United States Code, understand the relief available under each such chapter, and choose to proceed under chapter 7 of such title

If I am represented by an attorney, exhibit "B" has been completed.

X /s/        Jatinder S. Grewal _____        Date

Signature of Debtor

X _____        Date

Signature of Joint Debtor

EXHIBIT "B" (To be completed by attorney for individual chapter 7 debtor(s) with primarily consumer debts.)

I, the attorney for the debtor(s) named in the foregoing petition, declare that I have informed the debtor(s) that (he, she, or they) may proceed chapter 7, 11, 12, or 13 of title 11, United States Code, and have explained the relief available under each such chapter

X /s/  Neal S. Gainsberg _____        Date

Signature of Attorney

**UNITED STATES BANKRUPTCY COURT**                    **DISTRICT OF**

In re:    **Jatinder S. Grewal**              Debtor(s)        Case No.              (If Known)

Chapter_____7_____

See summary below for the lists of schedules. Include Unsworn Declaration under Penalty of Perjury at the end

GENERAL INSTRUCTIONS: Schedule D, E and F have been designed for the listing of each claim only once. Even when a claim is secured only in part or entitled to priority only in part, it still should be listed only once. A claim which is secured in whole or in part should be listed on Schedule D only, and a claim which is entitled to priority in whole or in part should be listed in Schedule E only. Do not list the same claim twice. If a creditor has more than one claim, such as claims arising from separate transactions, each claim should be scheduled separately

Review the specific instructions for each schedule before completing the schedule.

## SUMMARY OF SCHEDULES

Indicate as to each schedule whether that schedule is attached and state the number of pages in each, Report the totals from Schedules A, B, D, E, F, I and J in the boxes provided, Add the amounts of Scheduels A and B to determine the total amount of the debtor's assets. Add the amounts from Schedules D, E, and F to determine the total amount of the debtor's liabilities.

| Name of Schedule | Attached (Yes No) | Number of Sheets | Amounts Scheduled | | |
|---|---|---|---|---|---|
| | | | Assets | Liabilites | Other |
| A - Real Property | Y | 1 | 280,000.00 | | |
| B - Personal Property | Y | 3 | 40,030.00 | | |
| C - Property Claimed as Exempt | Y | 1 | | | |
| D - Creditors Holding Secured Claims | Y | 1 | | 232,627.00 | |
| E - Creditors Holding Unsecured Priority Claims | Y | 1 | | 0.00 | |
| F - Creditors Holding Unsecured Nonpriority Claims | Y | 5 | | 398,611.00 | |
| G - Executory Contracts and Unexpired Leases | Y | 1 | | | |
| H - Codebtors | Y | 1 | | | |
| I - Current Income of Individual Debtor(s) | Y | 1 | | | 6,112.00 |
| J - Current Expenditures of Individual Debtor(s) | Y | 1 | | | 7,075.00 |
| Total Number of Sheets of All Schedules | | 16 | | | |
| Total Assets | | | 320,030.00 | | |
| Total Liabilities | | | | 631,238.00 | |

## UNITED STATES BANKRUPTCY COURT
### Northern District of Illinois

In re: ____ Grewal, Jatinder S.                    Case No._____
                                                    Chapter _____        7

## STATISTICAL SUMMARY OF CERTAIN LIABILITIES (28 u.s.c. § 159)
[Individual Debtors Only]

Summarize the following types of liabililites, as reported in the Schedules, and total them.
**The foregoing information is for statistical purposes only under 28 U.S.C. § 159.**

| Types of Liabilities | Amount |
|---|---|
| Domestic Support Obligations (from Schedule E) | $0 |
| Taxes and Certain Other Debts Owed to Government Units (from Schedule E) | $0 |
| Claims for Death or Personal Injury While Debtor was Intoxicated (from Schedule E) | $0 |
| Student Loan Obligations (from Schedule F) | $0 |
| Domestic Support, separation Agreement, and Divorce Decree Obligations Not Reported on Schedule E | $ 1500.00 per month |
| Obligations to Pension or Profit-Sharing, and Other Similar Obligations (from Schedule F) | $0 |
| **Total** | $ |

State the Following

Average Income (from Schedule I, Line 16)  $ 6112

Average Expenses (from Schedule J, Line 18)  $ 7075

Current Monthly Income (form 22A line 12 or 22C line 20) $4824

State the Following

| | |
|---|---|
| 1.  Total from Schedule D, Unbsecured Portion, if any column | $11,393.00 |
| 2. Total from Schedule E, Amount Entitled to Prioritym if any column | $0.00 |
| 3. Total from Schedule E, Amount Not Entitled to Priority, if any Column | $0 |
| 4. Total from Schedule F | $398,611 |
| 5.  Total of non-priority unsecured debt | $410,004 |

In re:  **Grewal, Jatinder S.**  Debtor(s)  Case No.  (if known)

## SCHEDULE A - REAL PROPERTY

| DESCRIPTION AND LOCATION OF PROPERTY | NATURE OF DEBTORS INTEREST IN PROPERTY | H W J C | CURRENT REPLACEMENT VALUE OF DEBTORS INTEREST IN PROPERTY WITHOUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION | AMOUNT OF SECURED CLAIM |
|---|---|---|---|---|
| **Residence:**<br><br>**2209 Kingfisher Lane**<br>**Rolling Meadows, IL 60008** | **Fee Simple** | **J** | **280,000.00** | **185,234.00** |
| **TOTAL ->** | | | **280,000.00** | (Report also on Summary of Schedules) |

## SCHEDULE B - PERSONAL PROPERTY

| TYPE OF PROPERTY | N O N E | DESCRIPTION AND LOCATION OF PROPERTY | H W J C | CURRENT REPLACEMENT VALUE OF DEBTORS INTEREST IN PROPERTY WITHOUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION |
|---|---|---|---|---|
| 1. Cash on Hand | N | | | |
| 2. Checking/savings or other financial accounts certificates of deposit, or shares in banks, savings and loan, thrift, building and loan, and homestead associations,or credit unions, brokerage houses, or cooperatives. | | **Chase**<br>**First Bank** | **J** | **1,500.00**<br>**20.00** |
| 3. Security deposits with public utilities, telephone companies, landlords, and others. | N | | | |
| 4. Household goods and furnishings, including audio, video and computer equipment | | **Household Goods** | | **500.00** |
| 5. Books, pictures and other art objects, antiques, stamp, coin, record, tape, compact disc, and other collections or collectibles. | N | | | |
| 6. Wearing apparel. | | **Clothes** | | **500.00** |
| 7. Furs and jewelry. | N | | | |
| 8. Firearms and sports, photograpic, and other hobby equipment. | N | | | |
| 9. Interests in insurance policies, Name insurance company of each policy and itemize surrender or refund value of each. | | **Term Life Insurance** | | **0.00** |

In re: **Grewal, Jatinder S.**                                    Debtor(s)   No.           (if known)

| TYPE OF PROPERTY | N O N E | DESCRIPTION AND LOCATION OF PROPERTY | H W J C | CURRENT REPLACEMENT VALUE OF DEBTORS INTEREST IN PROPERTY WITHOUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION |
|---|---|---|---|---|
| 10. Annuities. itemize and name each issuer. | N | | | |
| 11. Interests in IRA, ERISA, Keogh, education IRA, or other pension or profit sharing plans. Itemize | | **401K** | | **510.00** |
| 12. Stock and interests in incorporated and unicorporated businesses. Itemize. | | **Northstar Distributors   (33% Owner)** | C | **0.00** |
| | | **American Software Consulting (100% owner)** | | **0.00** |
| 13. Interest in partnerships or joint ventures. itemize. | N | **Oovic, Inc. (100% owner)** | | **0.00** |
| 14. Government and corporate bonds and other negotiable and nonegotiable instruments. | N | | | |
| 15. Accounts receivable. | N | | | |
| 16. Alimony, maintenance, support, and property settlements to which the debtor is or may be entitled. Give particulars. | N | | | |
| 17. Other liquidated debts owing debtor including tax refunds. Give particulars. | N | | | |
| 18. Equitable or future interests, life estates, and rights to powers exercisable for the benefit of the debtor other than those listed on Schedule of Real Property | N | | | |
| 19. Contingent and noncontingent interests in estate of a decedent, death benefit plan, life insurance policy, or trust | N | | | |
| 20. Other contingent and unliquidated claims of every nature, includeing tax refunds, counterclaims of the debtor, and rights to setoff claims. Give estimated value of each. | N | | | |
| 21. Patents, copyrights, and other intellectual property. Give perticulars. | N | | | |
| 22. Licenses, franchises, and other general intangibles. Give particulars. | N | | | |
| 23. Automobiles, trucks, trailers, and other vehicles and accessories. | | **2003 Mercdes ML** | | **24,000.00** |
| | | **2004 Mercury Sable** | J | **12,000.00** |
| 24. Boats, motors, and accessories. | | | | |
| 25. Aircraft and accessories. | N | | | |
| 26. Office equipment, furnishings, and supplies | | | | |
| 27. Machinery, fixtures, equipment and supplies used in business | | **Computers** | | **1,000.00** |
| 28. Inventory. | N | | | |
| 29. Animals | N | | | |
| 30. Crops - growing or harvested. Give particulars. | N | | | |
| 31. Farming equipment and implements | N | | | |
| 32. Farm supplies, chemicals, and feed. | N | | | |
| 33.  Customer lists or other compilations containing personally identifiable information (as defined in 11 U.S.C. §101(41A) provided to the debtor by individuals in connection with obtaining a product or service from the debtor primarily for personal, family, or | N | | | |

| | | | | |
|---|---|---|---|---|
| household purposes. | | | | |
| 34. Other personal property of any kind not already listed. Itemize. | N | | | |

(included amounts from any continuation sheets attached. Report total also on Summary of Schedules)    Total-> **40,030.00**

In re:    **Grewal, Jatinder S.**                                    Debtor(s)        Case No.                                    **(if known)**

## SCHEDULE C - PROPERTY CLAIMED AS EXEMPT

Debtor elects the exemptions to which debtor is entitled under (Check one)

__ 11 U.S.C & 522(b)(2): Exemptions available under applicable nonbankruptcy federal laws, state or local law.

| DESCRIPTION OF PROPERTY | SPECIFY LAW PROVIDING EACH EXEMPTION | VALUE OF CLAIMED EXEMPTION | CURRENT REPLACEMENT VALUE OF PROPERTY WITHOUT DEDUCTING EXEMPTION |
|---|---|---|---|
| **Household Goods** | **735 ILCS 5/12-1001(b)** | **500.00** | **500.00** |
| **Clothing** | **735 ILCS 5/12-1001(a)** | **500.00** | **500.00** |
| **Checking Accounts** | **735 ILCS 5/12-1001(b)** | **1,520.00** | **1,520.00** |
| **Computers** | **735 ILCS 5/12-1001(b)** | **1,000.00** | **1,000.00** |
| **Mercedes** | **735 ILCS 5/12-1001©** | **2,400.00** | **24,000.00** |
| **Residence: 2209 Kingfisher Lane** | **735 ILCS 5/12-901** | **15,000.00** | **180,000.00** |
| **    Rolling Meadows, IL 60008** | | | |
| **401K** | **735 ILCS 5/12-1006** | **510.00** | **510.00** |

**In re: Grewal, Jatinder S.**                                      Case No.                    (if known)

## SCHEDULE D - CREDITORS HOLDING SECURED CLAIMS

| CREDITOR'S NAME AND MAILING ADDRESS INCLUDING ZIP CODE | CODEBT | HWJC | DATE CLAIM WAS INCURRED, NATURE OF LEIN AND DESCRIPTION AND REPLACEMENT VALUE OF PROPERTY SUBJECT TO LEIN | CUD | AMOUNT OF CLAIM WITHOUT DEDUCTING VALUE OF COLLATERAL | UNSECURED PORTION IF ANY |
|---|---|---|---|---|---|---|
| ACCOUNT NO. 0141727255<br>**Sun Trust Bank**<br>**PO Box 85024**<br>**Richmond, VA 23285** | | | **First Mortgage**<br><br>VALUE $ **280,000** | | **170,734.00** | |
| ACCOUNT NO. 552<br>**Carmax Auto Finance**<br>**PO Box 440609**<br>**Kennesaw, GA 30160** | | | **2003 Mercedes ML**<br>**PMSI**<br>VALUE $ **24,000** | | **28,288.00** | **4,288.00** |
| ACCOUNT NO. 390530<br>**Citi Auto**<br>**2208 Highway 121 Ste. 100**<br>**Bedford, TX 76021** | | J | **2004 Mercury Sable**<br>**PMSI**<br>VALUE $ **12,000** | | **19,105.00** | **7,105.00** |
| ACCOUNT NO.<br>**First Bank**<br>**PO Box 790269**<br>**St. Louis, MO 63179** | | | **2nd Mortgage**<br>                 **2005**<br>VALUE $ **280,000** | | **14,500.00** | |
| ACCOUNT NO. | | | <br><br>VALUE $ | | | |
| ACCOUNT NO. | | | <br><br>VALUE $ | | | |
| ACCOUNT NO. | | | <br><br>VALUE $ | | | |
| ACCOUNT NO. | | | <br><br>VALUE $ | | | |
| ACCOUNT NO. | | | <br><br>VALUE $ | | | |
| | | | SUBTOTAL -><br>(Total of this page) | | **232,627.00** | |
| | | | TOTAL -> | | **232,627.00** | |

___ continuation sheets attached

In re:    **Grewal, Jatinder S.**                    Debtor(s)    Case No.                    (if known)

## SCHEDULE E - CREDITORS HOLDINGS UNSECURED PRIORITY CLAIMS

_X__ Check this box if debtor has no creditors holding unsecured priority claims to report on this Schedule E.

TYPE OF PRIORITY CLAIMS (Check the appropriate box(es) below if claims in that category are listed on the attached sheets).

___ **Extensions of credit in an involuntary case**
  Claims arising in the ordinary course of the debtor's business or financial affairs after the commencement of
  the case but before the earlier of the appointment of a trustee or the order for relief. 11 U.S.C 507(a)(2).

___ **Wages, salaries, and commissions**
  Wages, salaries, and commissions, including vacation, severance, and sick leave pay owing to employees,
  up to a maximum of $2000 per employee, earned within 90 days immediately preceding the filing of the
  original petition or the cessation of business, whichever occurred first, to the extent provided in 11 U.S.C.
  507(a)(3)

___ **Contributions to employee benefit plans**
  Money owed to employee benefit plans for services rendered within 180 days immediately preceding the filing of the
  original petition, or the cessation of business, whichever occurred first, to the extend provided in 11 U.S.C. 570(a)(4).

___ **Certain farmers and fishermen**
  Claims of certain farmers and fishermen, up to a maximum of $2000 per farmer or fisherman, against the debtor, as
  provided in 11 U.S.C. 507(a)(5).

___ **Deposits by individuals**
  Claims of individuals up to a maximum of $900 for deposits for the purchase, lease, or rental of property or services
  for personal, family, or household use, that were not delivered or provided. 11 U.S.C. 507(a)(6).

___ **Taxes and Certain Other Debts Owed to Governmental Units**
  Taxes, customs, duties, and penalties owing to federal, state, and local governmental units as set forth in
  11 U.S.C. 507(a)(7).
___ **Claims for perosnal injury while debtor was intoxicated.**

| CREDITORS NAME AND MAILING ADDRESS INCLUDING ZIP CODE | CO D E B T | H W J C | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM | C U D | TOTAL AMOUNT OF CLAIM | AMOUNT ENTITLED TO PRIORITY |
|---|---|---|---|---|---|---|
| **Account No.** | | | | | | |
| **Account No.** | | | | | | |
| **Account No.** | | | | | | |
| **Account No.** | | | | | | |

___ Continuation sheets attached                    Subtotal --->    **0.00**

                                 Total --->    **0.00**

## SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

___ Check here if debtor has no creditors holding unsecured nonpriority claims to report on this Schedule F

| CREDITOR'S NAME AND MAILING ADDRESS INCLUDING ZIP CODE | CODEBT | HWJC | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | CUD | AMOUNT OF CLAIM |
|---|---|---|---|---|---|
| ACCOUNT NO. 8995762<br>DBL Distributing, LLC<br>16648 N. 94th Street<br>Scottsdale, AZ 96360 | | | Personal Guarantee<br>2002-2007 | | 23,679.30 |
| ACCOUNT NO. 41-751871-000<br>Ingram Micro<br>PO Box 90341<br>Chicago, IL 60696-0341 | | | Bank of America Lockbox Services collection<br>2005-2007 | | 365.60 |
| ACCOUNT NO. 002-297733-001<br>Marlin Leasing (Five Point Capital Inc.)<br>PO Box 13604<br>Philadelphia, PA 19101-3604 | | | Personal Guarantee<br>2004 | | 12,486.54 |
| ACCOUNT NO. 847-434-1870<br>Petra Industries, Inc.<br>PO Box 960130<br>Oklahoma City, OK 73196-0130 | | | Personal Guarantee<br>2005-2007 | | 12,818.41 |
| ACCOUNT NO. 1208089<br>Tech Data Corporation<br>PO Box 93836<br>Chicago, IL 60673-3836 | | | Personal Guarantee<br>2005-2007 | | 3,050.88 |
| ACCOUNT NO. 437685<br>Synnex Corporation<br>5845 Collection Center Dr.<br>Chicago, IL 60693 | | | Personal Guarantee<br>2006-2007 | | 2,250.00 |
| ACCOUNT NO. 437685<br>Jenne Distributors<br>33665 Chester Road<br>Avon, OH 44011 | | | Personal Guarantee<br>2006-2007 | | 1,500.00 |
| ACCOUNT NO. 001-0297733-001/002-0297733-001<br>Marlin Leasing Corp.<br>PO Box 13604<br>Phlidelphia, PA 19101-3604 | | | Personal Guarantee<br>2004 | | 16,434.68 |
| ACCOUNT NO. 966064223019<br>First Bank<br>PO Box 790269<br>St. Louis, MO 63179 | | | line of credit<br>2006 | | 25,000.00 |

Subtotal -> 97,585.41

Total ->

_____ Continuation Sheets Attached

## SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

__ Check here if debtor has no creditors holding unsecured nonpriority claims to report on this Schedule F

| CREDITOR'S NAME AND MAILING ADDRESS INCLUDING ZIP CODE | CODEBT | HWJC | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | CUD | AMOUNT OF CLAIM |
|---|---|---|---|---|---|
| ACCOUNT NO. 6011371000432764 <br> Sams Club Discover (GE Capital Financial Inc.) <br> PO Box 960016 <br> Orlando, FL 32896-0016 | | | Rev. Charge <br><br> 2002 | | 4,382.92 |
| ACCOUNT NO. 4418229274708497 <br> First National Bank Omaha <br> PO Box 2818 <br> Omaha, NE 68103-2818 | | | Rev. Charge <br><br> 2003 | | 7,309.45 |
| ACCOUNT NO. 4246315119829420 <br> Marriot Rewards Cardmember Services <br> PO Box 15153 <br> Wilmington, DE 19886-5153 | | | Rev. Charge <br><br> 2005 | | 14,384.99 |
| ACCOUNT NO. 220476000 <br> D&H Distributing Inc. <br> PO Box 847862 <br> Dallas, TX 75284-7862 | | | Personal Guarantee <br> 2005-2007 | | 18,765.45 |
| ACCOUNT NO. 464018201622/42668510158 <br> Chase <br> 800 Brooksedge Blvd <br> Westerville, OH 43081 | | | Rev. Charge <br> 2005-2007 | | 2,211.00 |
| ACCOUNT NO. 03666803 <br> Kohls/Chase <br> N56 W. 17000 Ridgewood Dr. <br> Menomonee Falls, WI 53051 | | | Rev. Charge <br> 2003-2007 | | 1,169.00 |
| ACCOUNT NO. 002029C <br> Almco Corporation <br> 2709 Commerce Way <br> Philadelphia, PA 19154 | | | Personal Guarantee <br> 2002-2007 | | 84,147.07 |
| ACCOUNT NO. NOR-1870 <br> Consumer Electronics Distributors, Inc. <br> 3085 Commercial <br> Northbrook, IL 60062 | | | Personal Guarantee <br> 2003-2007 | | 28,464.74 |
| ACCOUNT NO. <br> Teledynamics <br> 2200 Wheless Lane <br> Austin, TX 78723-2097 | | | Personal Guarantee <br> 2005-2007 | | 104,665.16 |
| | | | | Subtotal -> | 265,499.78 |
| | | | | Total -> | |

____ Continuation Sheets Attached

SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

___ Check here if debtor has no creditors holding unsecured nonpriority claims to report on this Schedule F

| CREDITOR'S NAME AND MAILING ADDRESS INCLUDING ZIP CODE | CO D E B T | H W J C | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | C U D | AMOUNT OF CLAIM |
|---|---|---|---|---|---|
| ACCOUNT NO.  20204 ESI Enterprises, Inc. 5900 Canoga Ave. Woodland, CA 91367 | | | Personal Guarantee 2003-2007 | | 12,205.67 |
| ACCOUNT NO. 6879450204002063489 Dell Business Credit PO Box 5275 Carol Stream, IL 60197 | | | Persoanl Guarantee 2002-2007 | | 2,057.97 |
| ACCOUNT NO.  418146 WYNIT, Inc. PO Box 711719 Cincinnati, OH 45271-1719 | | | Personal Guarantee 2005-2007 | | 2,055.29 |
| ACCOUNT NO.  4418229274708497 Cardmember Services PO Box 3331 Omaha, NE 68103-0331 | | | collection | | notice |
| ACCOUNT NO.  070857 Stein & Rotman 105 West Madison Street Chicago, IL 60602-4672 | | | Consumer Electronis Distrubution collection | | notice |
| ACCOUNT NO.  000336653 Euler Hermes UMA 600 South 7th Street Louisville, KY 40201-1672 | | | Almo Corporation collection | | notice |
| ACCOUNT NO.  07-1056 The Chaet Kaplan Baim Firm 30 North LaSalle, Suite 1520 Chicago, IL 60602 | | | Teledynamics collection | | notice |
| ACCOUNT NO.  557866-2-310 Receivables Control Corporation 7373 Kirkwood Court, Suite 200 Minneapolis, MN 55369 | | | Tech Data Corporation collection | | notice |
| ACCOUNT NO.  220476 Recovery Asset Management Systems 6059 Allentown Blvd. Harrisburg, PA 17112-0992 | | | D&H Distributing Co. collection | | notice |

Subtotal -> 16,318.93

Total ->

____ Continuation Sheets Attached

## SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

___ Check here if debtor has no creditors holding unsecured nonpriority claims to report on this Schedule F

| CREDITOR'S NAME AND MAILING ADDRESS INCLUDING ZIP CODE | CODEBT | HWJC | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | CUD | AMOUNT OF CLAIM |
|---|---|---|---|---|---|
| ACCOUNT NO. <br> Action Collection, Inc. <br> One Independence Place <br> 4807 Rockside Road, Suite 400 <br> Cleveland, OH 44131 | | | Jenne Distributors collection | notice | |
| ACCOUNT NO. 862284/609 <br> STA International <br> 2000 W. Magnolia Blvd., Suite 100 <br> Burbank, CA 91506 | | | ESI Enterprises, Inc. collection | notice | |
| ACCOUNT NO. 5082 2900 0794 1039/5588 7900 0675 0553 <br> CitiBusiness Card <br> PO Box 44180 <br> Jacksonville, FL 32231-4180 | | | Rev. Charge <br> 2006-07 | | 10,271.63 |
| ACCOUNT NO. 094-1-0002083709 <br> Arlington Ridge Pathology, S.C. <br> 520 E. 22nd Street <br> Lombard, IL 60148 | | | medical | | 31.00 |
| ACCOUNT NO. 49326661 <br> Northwest Community Hospital <br> 800 West Central Rd. <br> Arlington Heights, IL 60005 | | | medical | | 100.00 |
| ACCOUNT NO. D-8934071 <br> Orkin Inc. <br> PO Box 411 <br> Elk Grove Village, IL 60009-0411 | | | Rev. Charge | | 80.00 |
| ACCOUNT NO. <br> Anderson & Boback <br> 218 N. Jefferson Street, Suite 300 <br> Chicago, IL 60661 | | | legal services <br> 2007 | | 724.00 |
| ACCOUNT NO. 51 48 6550 0026 4922 <br> Meijer Credit Card <br> 2929 Walker Ave NW <br> Grand Rapids, MI 49544 | | | Rev. Charge <br> 2006-07 | | 6,000.00 |
| ACCOUNT NO. <br> Jassimran Grewal <br> 1004 Eva Lane <br> Mt. Prospect, IL 60067 | | | marital settlement agreement <br> 2007 | UNK | |

Subtotal ->     17,206.63

Total ->

____ Continuation Sheets Attached

## SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

___ Check here if debtor has no creditors holding unsecured nonpriority claims to report on this Schedule F

| CREDITOR'S NAME AND | CODEBT | HWJC | DATE CLAIM WAS INCURRED | CUD | AMOUNT |
|---|---|---|---|---|---|

| MAILING ADDRESS INCLUDING ZIP CODE | E B T | J C | AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | D | OF CLAIM |
|---|---|---|---|---|---|
| ACCOUNT NO.<br>**Cowell Taradash PC**<br>**33 North Dearborn**<br>**Suite 1910**<br>**Chicago, IL 60602** | | | **attorneys fees**<br>**divorce**<br>        **2007** | | 2,000.00 |
| ACCOUNT NO.<br>**Anderson & Associates**<br>**1701 E Woodfiled Road**<br>**Schaumburg, IL 60173** | | | **wife's divorce attorneys** | | **notice** |
| ACCOUNT NO. | | | | | |
| ACCOUNT NO. | | | | | |
| ACCOUNT NO. | | | | | |
| ACCOUNT NO.  D-8934071 | | | | | |
| ACCOUNT NO. | | | | | |
| ACCOUNT NO. | | | | | |
| ACCOUNT NO. | | | | | |
| | | | | Subtotal -> | **2,000.00** |
| ____ Continuation Sheets Attached | | | | Total -> | **398,610.75** |

In re:  Grewal, Jatinder S.                                    **Debtor(s)**              **Case No.**                    **(if known)**

### SCHEDULE G - EXECUTORY CONTRACTS AND UNEXPIRED LEASES

_X__  Check here if debtor has no executory contracts or unexpired leases.

| NAME AND MAILING ADDRESS, INCLUDING ZIP CODE, OF OTHER PARTIES TO LEASE OR CONTRACT | DESCRIPTION OF CONTRACT OR LEASE AND NATURE OF DEBTOR'S INTEREST. STATE WHETHER LEASE IS FOR NONRESIDENTIAL REAL PROPERTY. STATE CONTRACT NUMBER OF ANY GOVERNMENT CONTRACT. |
|---|---|
| | |

In re: Grewal, Jatinder s.                              Debtor(s)          Case No.              (if known)

## SCHEDULE H - CODEBTORS

___ Check here if debtor has no codebtors.

| NAME AND ADDRESS OF CODEBTOR | NAME AND ADDRESS OF CREDITOR |
|---|---|
| Jassimran Grewal<br>1004 Eva Lane<br>Mt. Prospect, IL 60067 | Sun Trust Bank<br>PO Box 85024<br>Richmond, VA 23285<br><br>Citi Auto<br>2208 Highway 121 Ste. 100<br>Bedford, TX 76021<br><br>First Bank<br>PO Box 790269<br>St. Louis, MO 63179<br><br>Marlin Leasing Corp<br>PO Box 13604<br>Philadelphia, PA 19101-3604<br><br>DBL Distributing LLC<br>16648 N 94th Street<br>Scottsdale, AX 96360<br><br>Kohls/Chase<br>N56 W. 17000 Ridgewood Dr.<br>Menomonee Falls, WI 53051<br><br>Citibank, PO Box 688914 Des Moines, IA 50368-8914<br>Meijer, 2929 Walker Ave NW Grand Rapids, MI |
| Pamela Cline<br>1004 Eva Lane<br>Mt. Prospect, IL 60067 | First Bank<br>PO Box 419048<br>St. Louis, MO<br><br>Marlin Leasing Corp<br>PO Box 13604<br>Philadelphia, PA 19101-3604 |
| Northstar Distributors<br>187 Stanley Street<br>Elk Grove Village, IL 6007 | DBL Distributing, Ingram Micro<br>Marlin Leasing, Petra Industries, Tech Data,<br>Synnex Corp, Jeene Distributors, First Bank,<br>Teledynamics,  D& H Distributing, ESI Enterpises, INC,<br>Citibank, Almo Corporation, First National Bank<br>of Omaha, Almco Corporation, Consumer Elctronics<br>Distributors, Inc., Dell, WYNIT |

In re:        Grewal, Jatinder S.                    Debtors    Case No.                    (if known)

## SCHEDULE I - CURRENT INCOME OF INDIVIDUAL DEBTOR(S)

The column labeled "Spouse" must be completed in all cases filed by joint debtors and by a married debtor in a chapter 12 or 13 case whether of not a joint petition if filed, unless the spouses are separated and a joint petition is not filed.

| Debtor's Marital Status: | DEPENDENTS OF DEBTOR AND SPOUSE | | |
|---|---|---|---|
| **Divorced** | NAMES | AGE | RELATIONSHIP |
| | **Arjun Grewal** | **1** | Son |
| | **Gurtej Grewal** | **2** | Son |

| Employment: | DEBTOR | SPOUSE |
|---|---|---|
| Occupation | **Project Manager** | |
| Name of Employer | **J.P. Mortgage & Chase Bank** | |
| How Long Employed | **2.5 Months** | |
| Address of Employer | **300 S. Riverside, Chicago, IL 60006** | |

Income: (Estimate of average monthly income)

| | | DEBTOR | SPOUSE |
|---|---|---|---|
| 1. | Current monthly gross wages, salary and commissions...................... | **8,500.00** | |
| | (pro rate if not paid monthly) | | |
| 2. | Estimate monthly overtime | ------------------------------------ | |
| 3. | SUBTOTAL | **8,500.00** | _____ |
| 4. | LESS PAYROLL DEDUCTIONS | | |
| | a. Payroll taxes and social security | **2,428.00** | |
| | b. Insurance | **652.00** | |
| | c. Union dues | | |
| | d. Other (Specify) 401K | **510.00** | |
| 5. | SUBTOTAL OF PAYROLL DEDUCTIONS | **3,590.00** | _____ |
| 6. | TOTAL NET MONTHLY TAKE HOME PAY | **4,910.00** | _____ |
| 7. | Regular income from operation of business or profession or farm | | |
| | (attach detailed statement)    Computer Business | **1,200.00** | |
| 8. | Income from real property | | |
| 9. | Interest and dividends | | |
| 10. | Alimony, maintenance or support payments payable to the debtor for the debtor's use or that of dependents listed above | | |
| 11. | Social security or other government assistance (Specify) | | |
| 12. | Pension or retirement income | | |
| 13. | Other monthly income (Specify) Son's work | | |
| 14. | SUBTOTAL OF LINES 7 THROUGH 13 | | |
| 15. | TOTAL MONTHLY INCOME | **6,112.00** | _____ |
| 16. | TOTAL COMBINED MONTHLY INCOME | **6,112.00** | (Report also on Summary of Schedules) |

Describe any increase or decrease in any of the above categories anticipated to occur within the year following the filing of this document:

SCHEDULE J - CURRENT EXPENDITURES OF INDIVIDUAL DEBTOR(S) Document Page 21 of 38

Complete this schedule by estimating the average monthly expenses of the debtor and the debtor's family. Pro rate any payments made bi-weekly, quarterly, semi-annually or annually to show monthly rate.

_____ Check this box if a joint petition is filed and debtor's spouse maintains a separate household. Complete a separate schedule of expenditures labeled "Spouse".

| | | |
|---|---|---:|
| 1. Rent or home mortgage payment (include lot rented for mobile home) | 1st | 1,477.00 |
|   a. Are real estate taxes included? _X__Yes ___No | 2nd | 150.00 |
|   b. Is property insurance included? __X_Yes ___No | | |
| 2. Utilities: a. Electricity and heating fuel | | 200.00 |
|   b. Water and sewer | | 30.00 |
|   c. Telephone | | 100.00 |
|   d. Other_____Internet, Cell Phone | | 120.00 |
| 3. Home maintenance (repairs and upkeep) | | |
| 4. Food | | 350.00 |
| 5. Clothing | | 40.00 |
| 6. Laundry and dry cleaning | | 30.00 |
| 7. Medical and dental expenses | | 50.00 |
| 8. Transportation (not including car payments) | | 250.00 |
| 9. Recreation, clubs and entertainment, newspapers, magazine, etc | - | |
| 10. Charitable contributions | | |
| 11. Insurance (not deducted from wages or included in home mortgage payments) | | |
|   a. Homeowner's or renter's | | |
|   b. Life | | |
|   c. Health | | |
|   d. Auto | | 80.00 |
|   e. Other_____ | | |
| 12. Taxes (not deducted from wages or included in home mortgage payments) | | |
|   (Specify) | | |
| 13. Installment payments:(In chapter 12 & 13 cases, do not list payments to be included in the plan) | | |
|   Auto | | 698.00 |
|   Other | | |
| 14. Alimony, maintenance, and support paid to others | | 1,500.00 |
| 15. Payments for support of additional dependents not living at your home | | |
| 16. Regular expenses from operation of business, profession, or farm | | |
|   (attach detailed statement)    Out Sourcing Fee paid to WebPatchers Software: $1500 | | 1,500.00 |
| 17. Other____ Daycare | | 500.00 |
| 18. TOTAL MONTHLY EXPENSES (Report also on Summary of Schedules) | | 7,075.00 |

19. Describe any increase or decrease in expenditures reasonably antici[ated to occur within the year following the filing of this document:

20. STATEMENT OF MONTHLY NET INCOME

| | |
|---|---:|
| A. Total projected monthly income | 6,112.00 |
| B. Total projected monthly expenses | 7,075.00 |
| C. Excess income (A minus B) | 0.00 |

In re:    **Grewal, Jatinder S.**                                                 Debtor(s)    Case No.                    (if known)

## DECLARATION CONCERNING DEBTOR'S SCHEDULES

### DECLARATION UNDER PENALTY OF PERJURY BY INDIVIDUAL DEBTOR

I declare under penalty of perjury that I have read the foregoing summary and schedules, consisting of_____sheets,
(Total shown on summary page plus 1.)
and that they are true and correct to the best of my knowledge, information and belief.

Date                        Signature: _____
Debtor

Date                        Signature: _____
(Joint Debtor, if any)

### DECLARATION UNDER PENALTY OF PERJURY ON BEHALF OF CORPORATION OR PARTNERSHIP

I, the _____ (the president or other officer or an authorized agent of the corporation or a member or an
authorized agent of the partnership) of the_____(corporation or partnership named as debtor in this
case, declare under penalty of perjury that I have read the foregoing summary and schedules, consisting of_____sheets,
(Total shown on summary page plus 1)
and that they are true and correct to the best of my knowledge, information and belief.

Date                        Signature: _____

(Print or type name of individual signing on behalf of debtor.)

(An individual signing on behalf of a partnership or corporation must indicate position or relationship to debtor.)

Penalty for making a false statement or concealing property: Fine of up to $500,000 or imprisonment for up to 5 years or both. 18 U.S.C. 152 and 3571.

UNITED STATES BANKRUPTCY COURT                    DISTRICT OF

**In re:    Grewal, Jatinder S.**                    Debtor(s)    Case No.

### CHAPTER 7 INDIVIDUAL DEBTOR'S STATEMENT OF INTENTION

1. I, the debtor, have filed a schedule of assets and liabilities which includes consumer debts secured by
    property of the estate.

2. I have filed a schedule of executory contracts and unexpired leases, including personal property subject to
**an unexpired lease.**

3. I intend to do the following with respoect to the property of the estate which secures those debts or is subject to a lease:

| Description of Secured Property | Creditor's Name | Property will be surrendered | Property is claimed as exempt | Propery will be redeemed purusant to 11 USC §722 | Debt will be reaffirmed pursuant to 11 USC §722 |
|---|---|---|---|---|---|
| **Residence** | **Suntrust, First Bank** | X | | | |
| **2003 Mercedes** | **Carmax** | | | | X |
| **2004 Mercury** | **Citi** | X | | | |

| Description of Leased Property | Lessor's Name | Lease will be assumed pursuant to 11 USC §362(h)(1)(a) |
|---|---|---|
| | | |

Date:_____                    __/s/ Jatinder S. Grewal_____
                                                **Signature of Debtor**

                                                _____
                                                **Signature of Joint Debtor**

3. I understand that 521(2)(B) of the Bankruptcy Code requires that I perform the above stated intention
 within 45 days of the filing of this   statement with the court, or within such additional time as the court, for cause,fixes.
within such 45-day period
Date:                        /s/   Jatinder S. Grewal_____
                                Signature of Debtor

* Reaff'd - Debt will be reaffirmed pursuant to 524(c)

   Red'd  - Property is claimed as exempt and will be
        redeemed pursuant to 722                    _____
                                                Signature of Debtor
   Exempt-Lien will be avoided pursuant to 522(f) and property
        will be claimed as exempt

In re: Grewal, Jatinder S.                                    Debtor(s)     Case No.                              (if known)

## STATEMENT
Pursuant to Rule 2016(b)

The undersigned, pursuant to Rule 2016(b) Bankruptcy Rules, states that:

(1) **The undersigned is the attorney for the debtor(s) in this case.**

(2) **The compensation paid or agreed to be paid by the debtor(s) to the undersigned is:**
    (a) **for legal services rendered or to be rendered in contemplation of and in connection
        with this case**                                                                        1,000.00
    (b) **prior to filing this statement, debtor(s) have paid**                         1,000.00
    (c) **the unpaid balance due and payable is**                                    0.00

(3) **$ 299.00 of the filing fee in this case has been paid.**

(4) **The services rendered or to be rendered include the following:**
    (a) **analysis of the financial situation, and rendering advice and assistance to the debtor(s) in
        determining whether to file a petition under title 11 of the United States Code.**
    (b) **preparation and filing of the petition, schedules, statement of affairs and other documents
        required by the court.**
    (c) **representation of the debtor(s) at the meeting of creditors.**

(5) **The source of payments made by the debtor(s) to the undersigned was from earning, wages and
    compensation for services performed, and**

(6) **The source of payments to be made by the debtor(s) to the undersigned for the unpaid balance
    remaining, if any, will be from earnings, wages and compensation for services performed, and**

(7) **The undersigned has received no transfer, assignment or pledge of property except the
    following for the value stated:**

(8) **The undersigned has not shared or agreed to share with any other entity, other than with
    members of undersigned's law firm, any compensation paid or to be paid except as follows:**

Date:                          Respectfully submitted     /s/ Neal S. Gainsberg                              Attorney for Petitioner

Attorney's name and address            Staver & Gainsberg, P.C., 120 W. Madison St., Ste. 520, Chicago, IL 60602

Official Form 7
(10/05)

# UNITED STATES BANKRUPTCY COURT

Northern _____ **DISTRICT OF** _____ Illinois _____

In re: _____ Jatinder Grewal _____ ,          Case No. _____
                          Debtor                                                    (if known)

## STATEMENT OF FINANCIAL AFFAIRS

This statement is to be completed by every debtor.  Spouses filing a joint petition may file a single statement on which the information for both spouses is combined.  If the case is filed under chapter 12 or chapter 13, a married debtor must furnish information for both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.  An individual debtor engaged in business as a sole proprietor, partner, family farmer, or self-employed professional, should provide the information requested on this statement concerning all such activities as well as the individual's personal affairs.  Do not include the name or address of a minor child in this statement.  Indicate payments, transfers and the like to minor children by stating "a minor child."  See 11 U.S.C. § 112; Fed. R. Bankr. P. 1007(m).

Questions 1 - 18 are to be completed by all debtors.  Debtors that are or have been in business, as defined below, also must complete Questions 19 - 25.  **If the answer to an applicable question is "None," mark the box labeled "None."**  If additional space is needed for the answer to any question, use and attach a separate sheet properly identified with the case name, case number (if known), and the number of the question.

### *DEFINITIONS*

*"In business."*  A debtor is "in business" for the purpose of this form if the debtor is a corporation or partnership.  An individual debtor is "in business" for the purpose of this form if the debtor is or has been, within six years immediately preceding the filing of this bankruptcy case, any of the following: an officer, director, managing executive, or owner of 5 percent or more of the voting or equity securities of a corporation; a partner, other than a limited partner, of a partnership; a sole proprietor or self-employed full-time or part-time.  An individual debtor also may be "in business" for the purpose of this form if the debtor engages in a trade, business, or other activity, other than as an employee, to supplement income from the debtor's primary employment.

*"Insider."*  The term "insider" includes but is not limited to: relatives of the debtor; general partners of the debtor and their relatives; corporations of which the debtor is an officer, director, or person in control; officers, directors, and any owner of 5 percent or more of the voting or equity securities of a corporate debtor and their relatives; affiliates of the debtor and insiders of such affiliates; any managing agent of the debtor.  11 U.S.C. § 101.

_____

**1.   Income from employment or operation of business**

None
☐

State the gross amount of income the debtor has received from employment, trade, or profession, or from operation of the debtor's business, including part-time activities either as an employee or in independent trade or business, from the beginning of this calendar year to the date this case was commenced.  State also the gross amounts received during the **two years** immediately preceding this calendar year.  (A debtor that maintains, or has maintained, financial records on the basis of a fiscal rather than a calendar year may report fiscal year income.  Identify the beginning and ending dates of the debtor's fiscal year.)  If a joint petition is filed, state income for each spouse separately.  (Married debtors filing under chapter 12 or chapter 13 must state income of both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

|                         AMOUNT                          |                SOURCE                 |
| 2007 YTD: $40,408 | Wages from businesses /employment |
| 2006: $54,063 2005:$ 47,950 |  |

**2.   Income other than from employment or operation of business**

None
☐

State the amount of income received by the debtor other than from employment, trade, profession, operation of the debtor's business during the **two years** immediately preceding the commencement of this case.  Give particulars.  If a joint petition is filed, state income for each spouse separately.  (Married debtors filing under chapter 12 or chapter 13 must state income for each spouse whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| AMOUNT | SOURCE |
|---|---|
| 2005: $21.00 | Interest |
| 2006: $38.00 | |

---

**3.   Payments to creditors**

*Complete a. or b., as appropriate, and c.*

None
☐

a. *Individual or joint debtor(s) with primarily consumer debts:*  List all payments on loans, installment purchases of goods or services, and other debts to any creditor made within **90 days** immediately preceding the commencement of this case if the aggregate value of all property that constitutes or is affected by such transfer is not less than $600.  Indicate with an asterisk (*) any payments that were made to a creditor on account of a domestic support obligation or as  part of an alternative repayment schedule under a plan by an approved nonprofit budgeting and creditor counseling agency.  (Married debtors filing under chapter 12 or chapter 13 must include payments by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR | DATES OF PAYMENTS | AMOUNT PAID | AMOUNT STILL OWING |
|---|---|---|---|

---

None
☑

b. *Debtor whose debts are not primarily consumer debts:* List each payment or other transfer to any creditor made within **90** days immediately preceding the commencement of the case if the aggregate value of all property that constitutes or is affected by such transfer is not less than $5,000.  (Married debtors filing under chapter 12 or chapter 13 must include payments and other transfers by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR | DATES OF PAYMENTS/ TRANSFERS | AMOUNT PAID OR VALUE OF TRANSFERS | AMOUNT STILL OWING |
|---|---|---|---|

---

None
☑

c. *All debtors:*  List all payments made within **one year** immediately preceding the commencement of this case to or for the benefit of creditors who are or were insiders.  (Married debtors filing under chapter 12 or chapter 13 must include payments by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR AND RELATIONSHIP TO DEBTOR | DATE OF PAYMENT | AMOUNT PAID | AMOUNT STILL OWING |
|---|---|---|---|

---

**4.  Suits and administrative proceedings, executions, garnishments and attachments**

3

None  a. List all suits and administrative proceedings to which the debtor is or was a party within **one year** immediately
☐     preceding the filing of this bankruptcy case.  (Married debtors filing under chapter 12 or chapter 13 must include
      information concerning either or both spouses whether or not a joint petition is filed, unless the spouses are separated
      and a joint petition is not filed.)

| CAPTION OF SUIT AND CASE NUMBER | NATURE OF PROCEEDING | COURT OR AGENCY AND LOCATION | STATUS OR DISPOSITION |
|---|---|---|---|
| 07 D3 30597, In Re Grewall | Divorce | Cook County | judgment of dissolution |

None  b. Describe all property that has been attached, garnished or seized under any legal or equitable process within **one
☑     year** immediately preceding the commencement of this case.  (Married debtors filing under chapter 12 or chapter 13
      must include information concerning property of either or both spouses whether or not a joint petition is filed, unless
      the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF PERSON FOR WHOSE BENEFIT PROPERTY WAS SEIZED | DATE OF SEIZURE | DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|

### 5.  Repossessions, foreclosures and returns

None  List all property that has been repossessed by a creditor, sold at a foreclosure sale, transferred through a deed in lieu
☑     of foreclosure or returned to the seller, within **one year** immediately preceding the commencement of this case.
      (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both
      spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR OR SELLER | DATE OF REPOSSESSION, FORECLOSURE SALE, TRANSFER OR RETURN | DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|

### 6.  Assignments and receiverships

None  a. Describe any assignment of property for the benefit of creditors made within **120 days** immediately preceding the
☑     commencement of this case.  (Married debtors filing under chapter 12 or chapter 13 must include any assignment by
      either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not
      filed.)

| NAME AND ADDRESS OF ASSIGNEE | DATE OF ASSIGNMENT | TERMS OF ASSIGNMENT OR SETTLEMENT |
|---|---|---|

4

None

b. List all property which has been in the hands of a custodian, receiver, or court-appointed official within **one year** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CUSTODIAN | NAME AND LOCATION OF COURT CASE TITLE & NUMBER | DATE OF ORDER | DESCRIPTION AND VALUE Of PROPERTY |
|---|---|---|---|

---

**7. Gifts**

None

List all gifts or charitable contributions made within **one year** immediately preceding the commencement of this case except ordinary and usual gifts to family members aggregating less than $200 in value per individual family member and charitable contributions aggregating less than $100 per recipient. (Married debtors filing under chapter 12 or chapter 13 must include gifts or contributions by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF PERSON OR ORGANIZATION | RELATIONSHIP TO DEBTOR, IF ANY | DATE OF GIFT | DESCRIPTION AND VALUE OF GIFT |
|---|---|---|---|

---

**8. Losses**

None
☑
List all losses from fire, theft, other casualty or gambling within **one year** immediately preceding the commencement of this case **or since the commencement of this case**. (Married debtors filing under chapter 12 or chapter 13 must include losses by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| DESCRIPTION AND VALUE OF PROPERTY | DESCRIPTION OF CIRCUMSTANCES AND, IF LOSS WAS COVERED IN WHOLE OR IN PART BY INSURANCE, GIVE PARTICULARS | DATE OF LOSS |
|---|---|---|

---

**9. Payments related to debt counseling or bankruptcy**

None
☐
List all payments made or property transferred by or on behalf of the debtor to any persons, including attorneys, for consultation concerning debt consolidation, relief under the bankruptcy law or preparation of a petition in bankruptcy within **one year** immediately preceding the commencement of this case.

| NAME AND ADDRESS OF PAYEE | DATE OF PAYMENT, NAME OF PAYER IF OTHER THAN DEBTOR | AMOUNT OF MONEY OR DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|
| Staver & Gainsberg PC | August 2007 | 1299.00 (including costs) |

---

**10. Other transfers**

5

None

   a.  List all other property, other than property transferred in the ordinary course of the business or financial affairs of the debtor, transferred either absolutely or as security within **two years** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include transfers by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF TRANSFEREE, RELATIONSHIP TO DEBTOR | DATE | DESCRIBE PROPERTY TRANSFERRED AND VALUE RECEIVED |
|---|---|---|

None

   b.  List all property transferred by the debtor within **ten years** immediately preceding the commencement of this case to a self-settled trust or similar device of which the debtor is a beneficiary.

| NAME OF TRUST OR OTHER DEVICE | DATE(S) OF TRANSFER(S) | AMOUNT OF MONEY OR DESCRIPTION AND VALUE OF PROPERTY OR DEBTOR'S INTEREST IN PROPERTY |
|---|---|---|

### 11. Closed financial accounts

None
List all financial accounts and instruments held in the name of the debtor or for the benefit of the debtor which were closed, sold, or otherwise transferred within **one year** immediately preceding the commencement of this case. Include checking, savings, or other financial accounts, certificates of deposit, or other instruments; shares and share accounts held in banks, credit unions, pension funds, cooperatives, associations, brokerage houses and other financial institutions. (Married debtors filing under chapter 12 or chapter 13 must include information concerning accounts or instruments held by or for either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF INSTITUTION | TYPE OF ACCOUNT, LAST FOUR DIGITS OF ACCOUNT NUMBER, AND AMOUNT OF FINAL BALANCE | AMOUNT AND DATE OF SALE OR CLOSING |
|---|---|---|

### 12. Safe deposit boxes

None
List each safe deposit or other box or depository in which the debtor has or had securities, cash, or other valuables within **one year** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include boxes or depositories of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF BANK OR OTHER DEPOSITORY | NAMES AND ADDRESSES OF THOSE WITH ACCESS TO BOX OR DEPOSITORY | DESCRIPTION OF CONTENTS | DATE OF TRANSFER OR SURRENDER, IF ANY |
|---|---|---|---|

### 13. Setoffs

6

None ☑    List all setoffs made by any creditor, including a bank, against a debt or deposit of the debtor within **90 days** preceding the commencement of this case.  (Married debtors filing under chapter 12 or chapter 13 must include information concerning either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR | DATE OF SETOFF | AMOUNT OF SETOFF |
| --- | --- | --- |

---

### 14. Property held for another person

None ☑    List all property owned by another person that the debtor holds or controls.

| NAME AND ADDRESS OF OWNER | DESCRIPTION AND VALUE OF PROPERTY | LOCATION OF PROPERTY |
| --- | --- | --- |

---

### 15. Prior address of debtor

None ☑    If debtor has moved within **three years** immediately preceding the commencement of this case, list all premises which the debtor occupied during that period and vacated prior to the commencement of this case.  If a joint petition is filed, report also any separate address of either spouse.

| ADDRESS | NAME USED | DATES OF OCCUPANCY |
| --- | --- | --- |

---

### 16. Spouses and Former Spouses

None ☑    If the debtor resides or resided in a community property state, commonwealth, or territory (including Alaska, Arizona, California, Idaho, Louisiana, Nevada, New Mexico, Puerto Rico, Texas, Washington, or Wisconsin) within **eight years** immediately preceding the commencement of the case, identify the name of the debtor's spouse and of any former spouse who resides or resided with the debtor in the community property state.

NAME

7

**17. Environmental Information**.

For the purpose of this question, the following definitions apply:

"Environmental Law" means any federal, state, or local statute or regulation regulating pollution, contamination, releases of hazardous or toxic substances, wastes or material into the air, land, soil, surface water, groundwater, or other medium, including, but not limited to, statutes or regulations regulating the cleanup of these substances, wastes, or material.

"Site" means any location, facility, or property as defined under any Environmental Law, whether or not presently or formerly owned or operated by the debtor, including, but not limited to, disposal sites.

"Hazardous Material" means anything defined as a hazardous waste, hazardous substance, toxic substance, hazardous material, pollutant, or contaminant or similar term under an Environmental Law.

None ☑   a.  List the name and address of every site for which the debtor has received notice in writing by a governmental unit that it may be liable or potentially liable under or in violation of an Environmental Law.  Indicate the governmental unit, the date of the notice, and, if known, the Environmental Law:

| SITE NAME AND ADDRESS | NAME AND ADDRESS OF GOVERNMENTAL UNIT | DATE OF NOTICE | ENVIRONMENTAL LAW |
|---|---|---|---|

None ☑   b.  List the name and address of every site for which the debtor provided notice to a governmental unit of a release of Hazardous Material. Indicate the governmental unit to which the notice was sent and the date of the notice.

| SITE NAME AND ADDRESS | NAME AND ADDRESS OF GOVERNMENTAL UNIT | DATE OF NOTICE | ENVIRONMENTAL LAW |
|---|---|---|---|

None ☐   c.  List all judicial or administrative proceedings, including settlements or orders, under any Environmental Law with respect to which the debtor is or was a party.  Indicate the name and address of the governmental unit that is or was a party to the proceeding, and the docket number.

| NAME AND ADDRESS OF GOVERNMENTAL UNIT | DOCKET NUMBER | STATUS OR DISPOSITION |
|---|---|---|

**18 . Nature, location and name of business**

None ☐   a.  *If the debtor is an individual*, list the names, addresses, taxpayer identification numbers, nature of the businesses, and beginning and ending dates of all businesses in which the debtor was an officer, director, partner, or managing executive of a corporation, partner in a partnership, sole proprietor, or was self-employed in a trade, profession, or other activity either full- or part-time within **six years** immediately preceding the commencement of this case, or in which the debtor owned 5 percent or more of the voting or equity securities within **six years** immediately preceding the commencement of this case.

*If the debtor is a partnership*, list the names, addresses, taxpayer identification numbers, nature of the businesses, and beginning and ending dates of all businesses in which the debtor was a partner or owned 5 percent or more of the voting or equity  securities, within **six years** immediately preceding the commencement of this case.

*If the debtor is a corporation*, list the names, addresses, taxpayer identification numbers, nature of the businesses, and beginning and ending dates of all businesses in which the debtor was a partner or owned 5 percent or more of the voting or equity securities within **six years** immediately preceding the commencement of this case.

| NAME | LAST FOUR DIGITS OF SOC. SEC. NO./ COMPLETE EIN OR OTHER TAXPAYER I.D. NO. | ADDRESS | NATURE OF BUSINESS | BEGINNING AND ENDING DATES |
|---|---|---|---|---|
| Northstar Distributors | 14-1840238 | 187 Stanley Elk Grove Village, IL 6007 | Electronics | 7/31/02- 5/07 |
| American Software | 30-0196751 | Same as Debtor | Computer Consulting | 7/03 to present |
| Xoovic, Inc. | 20-3486837 | Same as Debtor | Consulting | 2005 (dormant) |

None ☐    b. Identify any business listed in response to subdivision a., above, that is "single asset real estate" as defined in 11 U.S.C. § 101.

      NAME                        ADDRESS

      The following questions are to be completed by every debtor that is a corporation or partnership and by any individual debtor who is or has been, within **six years** immediately preceding the commencement of this case, any of the following: an officer, director, managing executive, or owner of more than 5 percent of the voting or equity securities of a corporation; a partner, other than a limited partner, of a partnership, a sole proprietor, or self-employed in a trade, profession, or other activity, either full- or part-time.

      *(An individual or joint debtor should complete this portion of the statement **only** if the debtor is or has been in business, as defined above, within six years immediately preceding the commencement of this case. A debtor who has not been in business within those six years should go directly to the signature page.)*

      **19.  Books, records and financial statements**

None ☐    a. List all bookkeepers and accountants who within **two years** immediately preceding the filing of this bankruptcy case kept or supervised the keeping of books of account and records of the debtor.

      NAME AND ADDRESS                      DATES SERVICES RENDERED

Manning Silverman & Co,
175 Olde Half Day Road Lincolnshire, IL       2003 to present

None ☑    b. List all firms or individuals who within **two years** immediately preceding the filing of this bankruptcy case have audited the books of account and records, or prepared a financial statement of the debtor.

      NAME                   ADDRESS            DATES SERVICES RENDERED

None ☐    c. List all firms or individuals who at the time of the commencement of this case were in possession of the books of account and records of the debtor. If any of the books of account and records are not available, explain.

      NAME                                  ADDRESS

Manning Silverman & Co., Debtor,       See above & Schedule H
Jassimran Grewal, Pamela Cline

9

None ☑    d. List all financial institutions, creditors and other parties, including mercantile and trade agencies, to whom a financial statement was issued by the debtor within **two years** immediately preceding the commencement of this case.

NAME AND ADDRESS         DATE ISSUED

---

### 20. Inventories

None ☑    a. List the dates of the last two inventories taken of your property, the name of the person who supervised the taking of each inventory, and the dollar amount and basis of each inventory.

| | | DOLLAR AMOUNT OF INVENTORY |
| DATE OF INVENTORY | INVENTORY SUPERVISOR | (Specify cost, market or other basis) |

---

None ☐    b. List the name and address of the person having possession of the records of each of the inventories reported in a., above.

| | NAME AND ADDRESSES OF CUSTODIAN |
| DATE OF INVENTORY | OF INVENTORY RECORDS |

---

### 21 . Current Partners, Officers, Directors and Shareholders

None ☐    a. If the debtor is a partnership, list the nature and percentage of partnership interest of each member of the partnership.

NAME AND ADDRESS      NATURE OF INTEREST      PERCENTAGE OF INTEREST

---

None ☐    b. If the debtor is a corporation, list all officers and directors of the corporation, and each stockholder who directly or indirectly owns, controls, or holds 5 percent or more of the voting or equity securities of the corporation.

| | | NATURE AND PERCENTAGE |
| NAME AND ADDRESS | TITLE | OF STOCK OWNERSHIP |

---

### 22 . Former partners, officers, directors and shareholders

None ☐    a. If the debtor is a partnership, list each member who withdrew from the partnership within **one year** immediately preceding the commencement of this case.

NAME        ADDRESS        DATE OF WITHDRAWAL

None ☐    b.   If the debtor is a corporation, list all officers, or directors whose relationship with the corporation terminated within **one year** immediately preceding the commencement of this case.

             NAME AND ADDRESS           TITLE             DATE OF TERMINATION

**23 .  Withdrawals from a partnership or distributions by a corporation**

None ☐    If the debtor is a partnership or corporation, list all withdrawals or distributions credited or given to an insider, including compensation in any form, bonuses, loans, stock redemptions, options exercised and any other perquisite during **one year** immediately preceding the commencement of this case.

             NAME & ADDRESS                         AMOUNT OF MONEY
             OF RECIPIENT,                DATE AND PURPOSE           OR DESCRIPTION
             RELATIONSHIP TO DEBTOR       OF WITHDRAWAL            AND VALUE OF PROPERTY

**24.  Tax Consolidation Group.**

None ☐    If the debtor is a corporation, list the name and federal taxpayer identification number of the parent corporation of any consolidated group for tax purposes of which the debtor has been a member at any time within **six years** immediately preceding the commencement of the case.

             NAME OF PARENT CORPORATION       TAXPAYER IDENTIFICATION NUMBER (EIN)

**25.  Pension Funds.**

None ☐    If the debtor is not an individual, list the name and federal taxpayer identification number of any pension fund to which the debtor, as an employer, has been responsible for contributing at any time within **six years** immediately preceding the commencement of the case.

             NAME OF PENSION FUND           TAXPAYER IDENTIFICATION NUMBER (EIN)

\*   \*   \*   \*   \*   \*

11

*[If completed by an individual or individual and spouse]*

I declare under penalty of perjury that I have read the answers contained in the foregoing statement of financial affairs and any attachments thereto and that they are true and correct.

Date 9/21/07 _____     Signature _____ /s/ Jatinder S. Grewal _____
                                  of Debtor

Date _____     Signature _____
                                  of Joint Debtor
                                  (if any)

_____

*[If completed on behalf of a partnership or corporation]*

I, declare under penalty of perjury that I have read the answers contained in the foregoing statement of financial affairs and any attachments thereto and that they are true and correct to the best of my knowledge, information and belief.

Date _____     Signature _____

                                  _____
                                  Print Name and Title

*[An individual signing on behalf of a partnership or corporation must indicate position or relationship to debtor.]*

____ continuation sheets attached

*Penalty for making a false statement: Fine of up to $500,000 or imprisonment for up to 5 years, or both.  18 U.S.C. §§ 152 and 3571*

_____

**DECLARATION AND SIGNATURE OF NON-ATTORNEY BANKRUPTCY PETITION PREPARER (See 11 U.S.C. § 110)**

   I declare under penalty of perjury that: (1)  I am a bankruptcy petition preparer as defined in 11 U.S.C. § 110; (2)  I prepared this document for compensation and  have provided the debtor with a copy of this document and the notices and information required under 11 U.S.C. §§ 110(b), 110(h), and 342(b); and, (3)  if rules or guidelines have been promulgated pursuant to 11 U.S.C. § 110(h) setting a maximum fee for services chargeable by bankruptcy petition preparers, I have given the debtor notice of the maximum amount before preparing any document for filing for a debtor or accepting any fee from the debtor, as required by that section.

_____          _____
Printed or Typed Name and Title, if any, of Bankruptcy Petition Preparer          Social Security No.(Required by 11 U.S.C. § 110.)

*If the bankruptcy petition preparer is not an individual, state the name, title (if any), address, and social security number of the officer, principal, responsible person, or partner who signs this document.*

Address

X _____          _____
  Signature of Bankruptcy Petition Preparer                              Date

Names and Social Security numbers of all other individuals who prepared or assisted in preparing this document unless the bankruptcy petition preparer is not an individual:

If more than one person prepared this document, attach additional signed sheets conforming to the appropriate Official Form for each person.

***A bankruptcy petition preparer's failure to comply with the provisions of title 11 and the Federal Rules of Bankruptcy Procedure may result in fines or imprisonment or both.  18 U.S.C. § 156.***

Official Form 1, Exhibit D (10/06)

# UNITED STATES BANKRUPTCY COURT

____Northern____ **District of**____Illinois____

In re Jatinder Grewal_____          Case No._____
            Debtor(s)                                          (if known)

## EXHIBIT D - INDIVIDUAL DEBTOR'S STATEMENT OF COMPLIANCE WITH CREDIT COUNSELING REQUIREMENT

**Warning: You must be able to check truthfully one of the five statements regarding credit counseling listed below. If you cannot do so, you are not eligible to file a bankruptcy case, and the court can dismiss any case you do file. If that happens, you will lose whatever filing fee you paid, and your creditors will be able to resume collection activities against you. If your case is dismissed and you file another bankruptcy case later, you may be required to pay a second filing fee and you may have to take extra steps to stop creditors' collection activities.**

*Every individual debtor must file this Exhibit D. If a joint petition is filed, each spouse must complete and file a separate Exhibit D. Check one of the five statements below and attach any documents as directed.*

☑1. Within the 180 days **before the filing of my bankruptcy case**, I received a briefing from a credit counseling agency approved by the United States trustee or bankruptcy administrator that outlined the opportunities for available credit counseling and assisted me in performing a related budget analysis, and I have a certificate from the agency describing the services provided to me. *Attach a copy of the certificate and a copy of any debt repayment plan developed through the agency.*

☐2. Within the 180 days **before the filing of my bankruptcy case**, I received a briefing from a credit counseling agency approved by the United States trustee or bankruptcy administrator that outlined the opportunities for available credit counseling and assisted me in performing a related budget analysis, but I do not have a certificate from the agency describing the services provided to me. *You must file a copy of a certificate from the agency describing the services provided to you and a copy of any debt repayment plan developed through the agency no later than 15 days after your bankruptcy case is filed.*

**Official Form 1, Exh. D (10/06) – Cont.**

☐3. I certify that I requested credit counseling services from an approved agency but was unable to obtain the services during the five days from the time I made my request, and the following exigent circumstances merit a temporary waiver of the credit counseling requirement so I can file my bankruptcy case now. *[Must be accompanied by a motion for determination by the court.][Summarize exigent circumstances here.]* _____

_____.

**If the court is satisfied with the reasons stated in your motion, it will send you an order approving your request. You must still obtain the credit counseling briefing within the first 30 days after you file your bankruptcy case and promptly file a certificate from the agency that provided the briefing, together with a copy of any debt management plan developed through the agency. Any extension of the 30-day deadline can be granted only for cause and is limited to a maximum of 15 days. A motion for extension must be filed within the 30-day period. Failure to fulfill these requirements may result in dismissal of your case. If the court is not satisfied with your reasons for filing your bankruptcy case without first receiving a credit counseling briefing, your case may be dismissed.**

☐4. I am not required to receive a credit counseling briefing because of: *[Check the applicable statement.] [Must be accompanied by a motion for determination by the court.]*
☐Incapacity. (Defined in 11 U.S.C. § 109(h)(4) as impaired by reason of mental illness or mental deficiency so as to be incapable of realizing and making rational decisions with respect to financial responsibilities.);
☐Disability. (Defined in 11 U.S.C. § 109(h)(4) as physically impaired to the extent of being unable, after reasonable effort, to participate in a credit counseling briefing in person, by telephone, or through the Internet.);
☐Active military duty in a military combat zone.

☐5. The United States trustee or bankruptcy administrator has determined that the credit counseling requirement of 11 U.S.C. § 109(h) does not apply in this district.

**I certify under penalty of perjury that the information provided above is true and correct.**

Signature of Debtor: *Jatinder S Grewal.*

Date: _____ 8/29/07_____

2



Certificate Number: <u>06531-ILN-CC-002382031</u>

# CERTIFICATE OF COUNSELING

I CERTIFY that on <u>August 20, 2007</u>, at <u>3:10</u> o'clock <u>PM CDT</u>,

<u>Jatinder S Grewal</u> received from

<u>Allen Credit and Debt Counseling Agency</u>,

an agency approved pursuant to 11 U.S.C. § 111 to provide credit counseling in the

<u>Northern District of Illinois</u>, an individual [or group] briefing that complied

with the provisions of 11 U.S.C. §§ 109(h) and 111.

A debt repayment plan <u>was not prepared</u>. If a debt repayment plan was prepared, a copy of

the debt repayment plan is attached to this certificate.

This counseling session was conducted <u>by internet</u>.

Date: <u>August 20, 2007</u>      By   <u>/s/Holly Kahle</u>

                               Name  <u>Holly Kahle</u>

                               Title  <u>Credit Counselor</u>

* Individuals who wish to file a bankruptcy case under title 11 of the United States Bankruptcy Code are required to file with the United States Bankruptcy Court a completed certificate of counseling from the nonprofit budget and credit counseling agency that provided the individual the counseling services and a copy of the debt repayment plan, if any, developed through the credit counseling agency. *See* 11 U.S.C. §§ 109(h) and 521(b).